IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Charlie Drago | § | |
| *Plaintiff* | § | Civil Action No.: |
| | § | 5:21-CV-00813-XR |
| *versus* | § | |
| | § | |
| JP Morgan Chase & Co | § | |
| | § | |
| | § | |
| *Defendant* | § | |

Joint Rule 26(f) Report
_____

Per the Court's Order the Parties make this their joint Rule 26(f) Report to the Court:

1. Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction, do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.

    This case was removed based on federal question jurisdiction. Plaintiff does not take issue with Defendant's decision to remove.

2. Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?

    There are no unserved parties.

3. What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?

    Plaintiff's claims are based on Defendant's failure to conduct a reasonable investigation following Plaintiff's dispute of unauthorized charges. Plaintiff alleges Defendant's failure is a violation of the Fair Credit Billing Act, 15 U.S.C. § 1666 which requires credit card issuers to perform a reasonable investigation following a consumer's dispute. Plaintiff further alleges that Defendant's failure is the result of negligence.
    Elements of Plaintiff's FCBA claim:
    1. Drago identified charges on his monthly credit card statement that he did not make;

    2. Drago gave Chase written notice that he did not make these charges within two billing cycles;
    3. Chase received Drago's notice; and
    4. Chase failed to correct the information.

Elements of Plaintiff's negligence claim:

> Chase owed Drago a duty to perform a reasonable investigation.
> Chase breached that duty by performing a negligent investigation.
> Chase's negligent investigation caused Chase to deny Drago's disputes.
> But-for Chases negligent investigation Drago would not have paid approximately $15,000 that he did not owe.

Defendant has answered the causes of action asserted by Plaintiff, and has asserted affirmative defenses. Specifically, Defendant asserts that Plaintiff has sued the wrong Chase entity. Defendant is merely a holding company and is not the entity responsible for issuing or servicing the credit card account within which Plaintiff's disputed charges occurred. Plaintiff has also failed to state a claim for relief, and, in any event, the claims he attempts to assert are barred by the applicable statute of limitations. Defendant also contends that Chase fully complied with its obligations to conduct a reasonable investigation of Plaintiff's disputed credit card charges.

4. Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?

> The parties do not believe there are any agreements or stipulations that can be made at this time. Counsel for Plaintiff and Defendant will endeavor throughout the case to make appropriate agreements or stipulations as the opportunities present themselves.

5. State the parties' views and proposals on all items identified in Fed. R. Civ. P. 26(f)(3).

   a. what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;

   > The parties have no proposed changes to Rule 26(a) disclosures. The parties will make them 14 days after this report is filed.

b. the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;

> Plaintiff anticipates serving written discovery regarding the receipt of Plaintiff's dispute, the handling of his dispute, including the identity of the individuals who conducted them, Defendant's policies and procedures regarding the same. Plaintiff anticipates deposing one or more persons who handled Plaintiff's disputes and Defendant's 30(b)(6) witness.
>
> Defendant believes that discovery will be required relating to the nature and circumstances of Plaintiff's billing dispute.

c. any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;

> Plaintiff will produce all responsive documents in his possession in PDF format and asks that Defendant produce all responsive documents in their native format with metadata intact.
>
> To the extent Rule 26(b)(2)(A) or the Court permits or requires production of electronically stored information, Defendant requests such electronic documents be produced in single-page, tagged image file format, or "TIFF" images, or in the native format in which the documents were created or stored. Each TIFF image file should be one page and should reflect how the source document would appear if printed to hard copy. Where electronic documents consist of excel spreadsheets, or audio/video files, such electronic documents shall also be produced in their "native" or original electronic format. Productions will include a standard image viewer load file where reasonably practicable.

d. any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;

>> Plaintiff does not anticipate the need for any of his documents and is agreeable to the Western District's form protective order as found in Appendixes H-1 and H-2 to the Local Rules.
>
> Defendant believes that the provisions of Rules 26(b)(5)(B) and 502 of the Federal Rules of Civil Procedure are sufficient to address any issues that may arise related to claims of privilege or production of trial preparation materials. Additional procedures may be required by counsel for either party, however, and if so, counsel will work together to reach a mutually agreeable procedure and seek an additional order, such as a Confidentiality and Protective Order consistent with this Court's form order, if necessary.

e. what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and

> The parties do not believe that any changes to the limitations imposed under the Federal Rules of Civil Procedure or under the local rules are necessary in this litigation.

f. any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c)

> None.

6. What, if any, discovery has been completed? What discovery remains to be done? Have the parties considered conducting discovery in phases?

   No discovery has been conducted. The parties do not see the need to conduct discovery in phases.

7. What, if any, discovery disputes exist?

   None.

8. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?

   Not at this time.

9. Have the parties discussed mediation?

The parties have not discussed mediation, however Plaintiff will be ready to mediate after one round of written discovery.

Dated: October 12, 2021                      Respectfully Submitted,

/s/William M. Clanton
William M. Clanton
Texas Bar No. 24049436

Law Office of Bill Clanton, P.C.
926 Chulie Dr.
San Antonio, Texas 78216
210 226 0800
210 338 8660 fax
bill@clantonlawoffice.com

 */s/ Christopher Bankler*
Christopher Bankler
State Bar No. 24066754
cbankler@jw.com

JACKSON WALKER LLP
2323 Ross Ave., Suite 600
Dallas, Texas 75201
(214) 953-6000 – Telephone
(214) 953-5822 – Facsimile

**ATTORNEY FOR DEFENDANT JPMORGAN CHASE & CO.**