IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CHARLIE DRAGO,<br>　　　　Plaintiff,<br><br>vs.<br><br>JPMORGAN CHASE BANK, N.A.,<br>　　　　Defendant. | §<br>§<br>§<br>§　Civil Action No. 5:21-CV-00813-XR<br>§<br>§<br>§<br>§ |

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S**
**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW JPMorgan Chase Bank, N.A. ("Chase"), and files its Answer to Plaintiff's First Amended Complaint, as follows:

**I.**
**ANSWER**

1. Paragraph 1 of Plaintiff's First Amended Complaint contains legal conclusions to which no response is required.

2. Paragraph 2 of Plaintiff's First Amended Complaint is a statement of the case to which no response is required.

3. In response to Paragraph 3 of Plaintiff's First Amended Complaint, Chase admits that venue is proper in this Court.

4. In response to Paragraph 4 of Plaintiff's First Amended Complaint, Chase admits that the Court has jurisdiction over this lawsuit. Chase notes, however, that the Court's jurisdiction is premised on Plaintiff's assertion of federal claims, not the amount-in-controversy.

5. In response to Paragraph 5 of Plaintiff's First Amended Complaint, Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies same.

6. In response to Paragraph 6 of Plaintiff's First Amended Complaint, Chase admits that it is a national banking association with its main office located at 1111 Polaris Parkway, Columbus, Ohio 43240, and that it may be served by serving its registered agent, CT Corporation Systems, 1999 Bryan Street, Suite 900, Dallas, TX 75201.

7. In response to Paragraph 7 of Plaintiff's First Amended Complaint, Chase admits that it extended credit to Plaintiff pursuant to a Cardmember Agreement, which provides for the assessment of finance charges.

8. In response to Paragraph 8 of Plaintiff's First Amended Complaint, Chase admits that Plaintiff's March 2020 credit card statement lists charges from various retailers.

9. In response to Paragraph 9 of Plaintiff's First Amended Complaint, Chase denies each and every allegation contained therein.

10. In response to Paragraph 10 of Plaintiff's First Amended Complaint, Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies same.

11. In response to Paragraph 11 of Plaintiff's First Amended Complaint, Chase denies each and every allegation contained therein.

12. In response to Paragraph 12 of Plaintiff's First Amended Complaint, Chase denies each and every allegation contained therein.

13. In response to Paragraph 13 of Plaintiff's First Amended Complaint, Chase admits that, after conducting a reasonable investigation of Plaintiff's billing dispute, it notified Plaintiff that he would be responsible for paying the disputed charges. Chase denies all of allegation contained in Paragraph 13.

14. In response to Paragraph 14 of Plaintiff's First Amended Complaint, Chase denies each and every allegation contained therein.

15. In response to Paragraph 15 of Plaintiff's First Amended Complaint, Chase denies each and every allegation contained therein.

16. Paragraph 16 of Plaintiff's First Amended Complaint contains legal conclusions to which no response is required.

17. In response to Paragraph 17 of Plaintiff's First Amended Complaint, Chase denies each and every allegation contained therein.

18. In response to Paragraph 18 of Plaintiff's First Amended Complaint, Chase admits that it sent letters to Plaintiff regarding his disputed charges. The remainder of Paragraph 18 contains legal conclusions to which no response is required. To the extent any response is deemed required, Chase denies all other allegations Paragraph 18.

19. In response to Paragraph 19 of Plaintiff's First Amended Complaint, Chase admits that Plaintiff paid the previously-disputed credit card charges. Regarding Plaintiff's alleged payments of approximately $15,000.00, Chase is without knowledge or information sufficient to form a belief as to the truth of that allegation and, on that basis, denies same.

20. Paragraph 20 of Plaintiff's First Amended Complaint constitutes a legal conclusion to which no response is required. To the extent that any response is deemed required, Chase denies the allegations in Paragraph 20.

21. Paragraph 21 of Plaintiff's First Amended Complaint constitutes a legal conclusion to which no response is required. To the extent that any response is deemed required, Chase denies the allegations in Paragraph 21.

22. Paragraph 22 of Plaintiff's First Amended Complaint constitutes a legal conclusion to which no response is required. To the extent that any response is deemed required, Chase denies the allegations in Paragraph 22.

23. Paragraph 23 of Plaintiff's First Amended Complaint constitutes a legal conclusion to which no response is required. To the extent that any response is deemed required, Chase denies the allegations in Paragraph 23.

24. Paragraph 24 of Plaintiff's First Amended Complaint constitutes a legal conclusion to which no response is required. To the extent that any response is deemed required, Chase denies the allegations in Paragraph 24.

25. Paragraph 25 of Plaintiff's First Amended Complaint constitutes a legal conclusion to which no response is required. To the extent that any response is deemed required, Chase denies the allegations in Paragraph 25.

26. In response to the unnumbered paragraphs under the section titled "Prayer," Chase denies that Plaintiff is entitled to any relief, requested or otherwise.

## II.
## AFFIRMATIVE DEFENSES

27. Plaintiff's claims have no basis in law or fact and Plaintiff fails to state a claim against Chase upon which relief can be granted.

28. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

29. Plaintiff's claims are barred, in whole or in part, by Plaintiff's own conduct, failure to act, negligence, or carelessness that caused the alleged loss.

30. Plaintiff's damages, if any, are attributable to the negligence or unlawful conduct of persons and/or one or more responsible third party other than Chase.

31.     Plaintiff's recovery is limited by Plaintiff's failure to mitigate his damages, if any.

32.     Plaintiff's claims are barred, in whole or in part, by Plaintiff's actual or constructive knowledge of any allegedly concealed facts.

33.     Plaintiff's claims are barred, in whole or in part, by consent, estoppel, ratification, justification, acquiescence, and/or waiver.

34.     Plaintiff authorized, through actual, apparent and/or implied authority, the disputed credit card charges.

35.     Plaintiff is responsible for the disputed credit card charges pursuant to the terms and conditions governing the credit card.

Chase reserve the right to assert additional affirmative defenses in the event discovery indicates that they would be appropriate.

WHEREFORE, for the foregoing reasons, Defendant JPMorgan Chase Bank, N.A. respectfully request that Plaintiff take nothing by this action, and that JPMorgan Chase Bank, N.A. have such other and further relief, at law and in equity, general and specific, to which it may be entitled.

Respectfully submitted,

By: /s/ *Christopher Bankler*
Christopher Bankler
State Bar No. 24066754
cbankler@jw.com
Cody Martinez
State Bar No. 24102146
cmartinez@jw.com

**JACKSON WALKER L.L.P.**
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
(214) 953-6000
(214) 953-5822 - Fax

**ATTORNEY FOR DEFENDANT
JPMORGAN CHASE BANK, N.A.**

CERTIFICATE OF SERVICE

This is to certify that on November 23, 2021, a true and correct copy of the foregoing document was served in accordance with the Texas Rules of Civil Procedure upon:

William M. Clanton
Law Offices of Bill Clanton, P.C.
926 Chulie Dr.
San Antonio, Texas 78216
bill@clantonlawoffice.com

/s/ *Christopher Bankler*
Christopher Bankler