**FILED**

November 02, 2021

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ Rg

DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Charlie Drago | § | |
| | § | |
| *Plaintiff* | § | Civil Action No.: |
| | § | |
| | § | 5:21-cv-00813-XR |
| | § | |
| v | § | |
| | § | |
| | § | |
| | § | |
| JPMorgan Chase Bank, N.A. | § | |
| | § | |
| *Defendant* | § | |
| | § | |

### Plaintiff's Amended Complaint

_____

## Introduction

1. When a cardholder recognizes unauthorized charges on their credit card they can dispute them in writing. When the credit card issuer receives a cardholder's dispute, they are required to investigate the cardholder's claims. When a credit card issuer's investigation fails to clear up unauthorized charges a cardholder can sue the card issuer.

2. This is an action for actual damages, statutory damages, and attorney fees for violation of the Fair Credit Billing Act (part of the Truth in Lending Act), 15 U.S.C. § 1666 and Regulation Z issued thereunder.

## Venue & Jurisdiction

3. Venue is proper in in this as defendant's acts and omissions occurred here.

4. This Court has jurisdiction as the amount in controversy is within the Court's jurisdiction.

## Parties

5. Plaintiff Charlie Drago is a natural person who resides in the City of San Antonio, Bexar County, Texas.

6. Defendant JPMorgan Chase Bank, N.A. ("Chase") is a Delaware limited liability company whose mailing address is 4 New York Plaza Floor 22 New York, NY 10004-2413. It may be served via C T Corporation System., 1999 Bryan St., Ste. 900 Dallas, TX 75201 its registered agent, at the same address.

## Facts

7. At all times relevant hereto, defendant, in the ordinary course of business, regularly extended open-end consumer credit, pursuant to a credit agreement, on which defendant assessed finance charges.

8. Beginning with the periodic statement in March 2020 charges from various retailers began appearing on plaintiff's Chase statement.

9. Plaintiff did not make those charges.

10. Within sixty days after transmission of the statement, plaintiff sent and defendant received a notice disputing the charges to defendant at the address stated on the periodic statement.

11. Since defendant did not, within thirty days after receiving plaintiff's notice, investigate and correct or explain the charge, defendant was required by 15 U.S.C. § 1666(a)(3)(A) to send plaintiff a written acknowledgement of its receipt of plaintiff's notice within that period. Defendant failed to conduct a reasonable investigation.

12. Defendant did not, within two complete billing cycles after receipt of the notice, either correct the error and transmit to plaintiff a notification of the corrections or investigate the error and send plaintiff a written explanation.

13. Despite its receipt of plaintiff's billing error notice, and before meeting the requirements of 15 U.S.C. § 1666 to either correct the error or investigate and send an explanation of the charges, defendant took action to collect the disputed amount by calling plaintiff and sending plaintiff notices demanding payment.

14. Defendant's actions caused plaintiff actual damages as follows: he paid for charges that he did not make.

15. Defendant's actions were part of a pattern or practice of failure to comply with its obligations under the Fair Credit Billing Act.

Cause of Action – Fair Credit Billing Act

16. The Fair Credit Billing Act (FCBA) can be found in 15 U.S.C. § 1666. It requires credit card issuers perform a reasonable investigation when a card holder disputes transactions.

17. Drago provided sufficient information to Chase to enable them to dispute the charges.

18. Chase, instead of performing a reasonable investigation as required by the FCBA, replied with form letters after conducting an insufficient dispute.

19. Drago, instead of repeatedly disputing the same transactions, paid them. This totaled approximately $15,000 in charges that he did not make.

20. Chase violated the FCBA in that it failed to conduct a reasonable investigation as required by Regulation Z § 1026.13(f).

21. Chase's failure to conduct a reasonable investigation cost Drago approximately $15,000.

Second Cause of Action - Negligence

22. Chase owed Drago a duty to perform a reasonable investigation.

23. Chase breached that duty by performing a negligent investigation.

24. Chase's negligent investigation caused Chase to deny Drago's disputes.

25. But-for Chases negligent investigation Drago would not have paid approximately $15,000 that he did not owe.

Prayer

Plaintiff prays, that this Court enter judgment against Defendant and in favor of Plaintiff for:

    a.  Actual damages;

    b.  Statutory damages in the amount of double the finance charge, pursuant to 15 U.S.C. § 1640(a)(2), with a minimum award of $500 and a maximum award of $5,000, or such higher amount as may be appropriate in light of the Defendant's pattern or practice of noncompliance;

    c.  Pursuant to 15 U.S.C. § 1666(e), an order requiring Defendant to refund Drago's payment;

    d.  An order requiring Defendant to credit Plaintiff with the disputed amount and related finance charge or other charges;

    e.  Costs and attorney fees;

    f.  Such other relief as the Court deems proper.

Dated: November 1, 2021        Respectfully Submitted,

                           /s/William M. Clanton
                           William M. Clanton
                           Texas Bar No. 24049436

                           Law Office of Bill Clanton, P.C.
                           926 Chulie Dr.
                           San Antonio, Texas 78216
                           210 226 0800
                           210 338 8660 fax

bill@clantonlawoffice.com